# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| MILLENIA PRODUCTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-0924-CV-W-SRB |
| | ) | |
| MA VIN DHAT, d/b/a | ) | |
| KDS NAIL PRODUCTIONS | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Ma Vin Dhat's Motion to Dismiss, or, in the Alternative, Motion to Strike, or, in the Alternative, Motion for a More Definite Statement. (Doc. #21). For the following reasons the motion is GRANTED IN PART and DENIED IN PART.

### I.  BACKGROUND

On January 31, 2019, Defendant Ma Vin Dhat, doing business as KDS Nail Products ("KDS"), filed a Motion to Dismiss and Motion to Strike certain of Plaintiff Millenia Productions, LLC's ("Millenia") claims against KDS and portions of Millenia's Complaint. On March 11, 2019, this Court issued an Order granting in part and denying in part the Motion. The Court ordered Millenia to file an amended complaint correcting the specified deficiencies. On March 18, 2019, Millenia timely filed its First Amended Complaint, correcting some, but not all deficiencies set forth in this Court's March 11 Order. Specifically, the First Amended Complaint includes Count 4, which was dismissed. KDS moves the Court to again dismiss Count 4, or, in the alternative, to strike the claim from the First Amended Complaint or, in the alternative, to order Millenia to file a more definite statement. Additionally, KDS moves the Court to dismiss Count 5, Millenia's common law trademark infringement and unfair competition claim. Finally,

KDS moves to strike Millenia's requests for punitive damages set forth in paragraph 9 of the First Amended Complaint and paragraph 8 of its Prayer for Relief.

## II.     LEGAL STANDARDS

### A. Dismissal for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inferences that the [opposing party] is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (internal quotations omitted) (quoting *Iqbal*, 556 U.S. at 678). The Court must consider all facts alleged in the complaint as true when considering a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Service, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). However, allegations that are "legal conclusions or formulaic recitation of the elements of a cause of action . . . may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal citations omitted) (quoting *Iqbal*, 556 U.S. at 677).

### B. Striking of Immaterial and Impertinent Matter under Fed. R. Civ. P. 12(f)

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." District courts

"enjoy[] liberal discretion under Rule 12(f)." *Nationwide Ins. Co., v. Cent. Mo. Elec. Coop., Inc.*, 278 F.3d 742, 748 (8th Cir. 2001). "Despite this broad discretion however, [m]otions to strike . . . are viewed with disfavor and are infrequently granted." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal citations and quotation marks omitted).

### III. DISCUSSION

#### A. Unfair and Deceptive Trade Practices

KDS argues Millenia's unfair and deceptive trade practices claim in Count 4 should be removed from the First Amended Complaint because this Court dismissed the claim in the March 11 Order. Millenia acknowledges the claim was dismissed and states it included the claim in its First Amended Complaint only because Millenia did not interpret the Court's Order as directing Millenia to eliminate the claim from the First Amended Complaint. Given that this claim has already been dismissed without prejudice, KDS's motion to dismiss Count 4 is again granted without prejudice to Millenia's ability to seek leave of Court to amend the Complaint in the future. Although the Court is granting the dismissal of Count 4, Millenia need not file a new Complaint.

#### B. Common Law Trademark Infringement and Unfair Competition

KDS argues Millenia's common law trademark infringement and unfair competition claim in Count 5 should be dismissed because Millenia does not specify in its First Amended Complaint under which state's common law it is proceeding. Millenia indicates that Missouri common law is implicated and applies to Count 5 because the First Amended Complaint alleges infringing conduct occurred in Missouri. Millenia further states it is still in the process of investigating the "geographic scope" of KDS's conduct. (Doc. #23, p. 2).

Millenia clarified in its response to the instant Motion that it brings Count 5 under Missouri law and points to its allegation that "the photographs of KDS's infringing packaging and displays were taken in Kansas City, Missouri" in support. Such information is sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted). Accordingly, KDS's motion to dismiss Count 5 is denied. Millenia may seek leave of Court to amend the First Amended Complaint in the future to the extent it discovers the laws of other states are implicated.

### C. Request for Punitive Damages

KDS argues Millenia's request for punitive damages set forth in paragraph 8 of its Prayer for Relief and paragraph 9 of the First Amended Complaint should be stricken because KDS's surviving claims do not support an award of punitive damages. KDS further argues that even if Millenia's common law trademark infringement and unfair competition claim in Count 5 survives, it does not support an award of punitive damages under Missouri law. Millenia argues that "punitive damages are available in connection with Missouri common law unfair competition claims," and therefore, the motion to strike Millenia's punitive damages request should be denied. (Doc. #23, p. 2). Millenia's common law trademark infringement and unfair competition claim, which survives the instant Motion to Dismiss, supports an award of punitive damages. *See Lampert v. Judge & Dolph Drug Co.*, 141 S.W. 1095, 1095 (Mo. 1911) (holding punitive damages recoverable in action for trademark infringement). Accordingly, KDS's motion to strike the language requesting punitive damages is denied.

### IV.  CONCLUSION

Accordingly, Defendant Ma Vin Dhat's Motion to Dismiss, or, in the Alternative, Motion to Strike, or, in the Alternative, Motion for a More Definite Statement (Doc. #21) is GRANTED

4

IN PART and DENIED IN PART.  KDS's motion to dismiss Millenia's unfair and deceptive trade practices claim in Count 4 is granted; Count 4 of the Complaint is dismissed without prejudice.  KDS's motion to dismiss Millenia's common law trademark infringement and unfair competition claim in Count 5 is denied.  KDS's motion to strike Millenia's request for punitive damages is denied.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
United States District Judge

DATE: April 30, 2019