# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| MILLENIA PRODUCTIONS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-0924-CV-W-SRB |
| MA VIN DHAT, d/b/a KDS NAIL PRODUCTS | ) |
| Defendant. | ) |

## ORDER

Before the Court are Defendant Ma Vinh Dat's Motion to Strike Plaintiff Millenia Productions, LLC's Second Amended Complaint (Doc. #51) and Plaintiff's Motion for Leave to File Second Amended Complaint Late or, in the Alternative, for Leave to File Amended Complaint *Nunc Pro Tunc* to July 29, 2019 (Doc. #52). For the following reasons Defendant's Motion is DENIED and Plaintiff's Motion is GRANTED.

### I. BACKGROUND

On July 29, 2019, Plaintiff filed its Second Amended Complaint within the July 29, 2019 deadline to amend the pleadings pursuant to the Scheduling Order. Plaintiff failed to file a motion for leave to file the Second Amended Complaint. Defendant now moves the Court to strike Plaintiff's Second Amended Complaint as untimely, prejudicial, and futile under Federal Rules of Civil Procedure 15(a) and 16(b). Plaintiff moves the Court for leave to file its Second Amended Complaint late or *nunc pro tunc* to July 29, 2019.

### II. LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) "governs the pretrial amendment of pleadings and states that where an amendment is not sought 'as a matter of course'—as defined by the Rule—

'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 16(b), on the other hand, . . . provides that '[e]xcept in categories of actions exempted by local rule, the district judge . . . must issue a scheduling order,' which 'must limit the time to . . . amend the pleadings[.]'" *Sherman*, 532 F.3d at 715. (quoting Fed. R. Civ. P. 16(b)(1), (3)(A)). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). A district court appropriately denies the movant leave to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir.2005) (internal marks omitted).

### III. DISCUSSION

The Court need not decide whether Rule 15(a)(2) or 16(b)(4) applies in this situation because justice requires this Court to permit the filing of the Second Amended Complaint and Plaintiff meets the good cause standard. Plaintiff was diligent in attempting to file the Second Amended Complaint within the timeframe set forth in the Scheduling Order. Plaintiff asserts that its failure to file a motion for leave to file the Second Amended Complaint was a mistake. This matter is unlike *Sherman*, 532 F.3d at 716, cited by Defendants, in which a party's "motion to amend was filed more than seventeen months after the established scheduling deadline for amending pleadings." Plaintiff filed the Second Amended Complaint within the deadline for

amending the pleadings, mistakenly failing to first file a motion for leave. Plaintiff has demonstrated no undue delay, bad faith, or dilatory motive. Plaintiff has respected all deadlines in this case. Defendant is not prejudiced by Plaintiff's filing of the Second Amended Complaint within the timeframe allowed by the Scheduling Order agreed to by the parties. To the extent several of Millenia's new claims for relief are not cognizable, as Defendant argues, the Court welcomes the filing of a Rule 12 motion to dismiss.

## IV. CONCLUSION

Accordingly, Defendant Ma Vinh Dat's Motion to Strike Plaintiff Millenia Productions, LLC's Second Amended Complaint (Doc. #51) is DENIED. Plaintiff's Motion for Leave to File Second Amended Complaint Late or, in the Alternative, for Leave to File Amended Complaint *Nunc Pro Tunc* to July 29, 2019 (Doc. #52) is GRANTED. Plaintiff's Second Amended Complaint is deemed filed as of July 29, 2019. Defendant shall file its responsive pleading on or before September 20, 2019.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
United States District Judge

DATE: August 30, 2019